**R–C MOTOR LINES, INC., et al.,**
**Plaintiffs,**

v.

**UNITED STATES et al., Defendants,**

and

**Bowman Transportation, Inc., Intervening Defendant.**

**No. 64–74–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.
April 12, 1965.

James W. Wrape, Wrape & Hernly, Memphis, Tenn., John M. Allison, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiffs.

William H. Orrick, Jr., Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for the United States.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., Arthur J. Cerra, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission.

Martin Sack, Jacksonville, Fla., Maurice F. Bishop, Birmingham, Ala., R. J. Reynolds, Jr., Atlanta, Ga., H. Charles Ephraim, Washington, D. C., for Bowman Transportation, Inc.

Before JONES, Circuit Judge, and SIMPSON and McRAE, District Judges.

McRAE, District Judge:

This action was brought by R–C Motor Lines, Inc., and other common carriers by motor vehicle engaged in interstate commerce, to enjoin, annul, suspend and set aside orders of the Interstate Commerce Commission (Commission) dated April 9, 1963, and August 7, 1963,[1] in Docket No. MC–94201 (Sub-No. 37) Bowman Transportation, Inc., Extension —Five Point Authority, 92 M.C.C. 651.

The only issue for determination in this review action is whether the Commission's grant of a certificate of convenience and necessity to Bowman Transportation, Inc. (Bowman) was rational, based upon adequate findings, and supported by substantial evidence. 5 U.S. C.A. § 1009(e) (5). The certificate issued by the Commission is sometimes described as "the Five-Point Authority", and covers services between five points in Georgia, and various points in six southern states.

The Five-Point Authority was first issued to J. M. Brown, a sole proprietor

doing business as Brown Transfer and Storage Co. (Brown), pursuant to the "grandfather" provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. § 306 (a). The Five-Point Authority was leased in 1942 and sold in 1943 to Bowman.[2]

Before the issuance, on August 19, 1963, of the new certificate to Bowman in the present proceedings, the Five-Point Authority read:

"General commodities, except those of unusual value, and except dangerous explosives, livestock, commodities in bulk, commodities requiring special equipment, and those injurious or contaminating to other lading, in truckload lots, and household goods as defined in Practices of Motor Carriers of Household Goods", between designated points.

As presently issued to Bowman, the Five-Point Authority reads the same as before, except that the phrase "in truckload lots" is omitted.

During the many years of service by Brown and by Bowman, prior to 1955, all sizes and types of commodities were handled without question by the Commission as to any possible limitation of the size of the shipment which might properly be handled. Late in 1955, seven motor common carriers engaged in interstate commerce (including two of the plaintiffs in the present case) filed a complaint with the Commission seeking to require Bowman to cease handling small shipments of "general commodities" under the Five-Point Authority. Shortly afterward, Bowman filed an application, under Section 207 of the Interstate Commerce Act, 49 U.S.C.A. § 307, seeking a certificate in the same terms as the original Five-Point Authority except for omission of the phrase "in truckload lots".

1. This order denied petitions for reconsideration. No issues are raised concerning this order and no further reference need be made to it.

2. The lease and initial acquisition were by Ralph M. Bowman, a sole proprietorship doing business as Bowman Transportation Company. In 1950 Bowman was incorporated, and the corporation succeeded to the operating rights and properties of the sole proprietorship. Reference to "Bowman" herein will include the corporation and the sole proprietorship.

The Commission found in the complaint proceedings that Bowman's certificate authorized only the transportation of general commodities in truckload lots and that Bowman had been transporting general commodities in less than truckload lots in violation of its certificate. The Commission found in the application proceedings that Bowman had failed to establish that public convenience and necessity required the proposed operations. On the question of public need for expanding the scope of Bowman's certificate, the Commission concluded that Bowman's past transportation of less than truckload lots "was not in good faith, and * * * cannot now be relied upon either to establish a public need for service or to show an established and continuing operation justifying modification of its certificate".

In a judicial review action, a statutory three-judge United States District Court for the Northern District of Alabama, in Bowman Transportation, Inc. v. United States, 211 F.Supp. 354, sustained the Commission's findings in the complaint case, but reversed its findings and conclusion in the application case because there was no substantial evidence in the record to support the Commission's subsidiary conclusion that Bowman acted in bad faith in carrying goods in violation of the limiting clause of his certificate. The Court found that these "findings and conclusions of obvious illegality and bad faith respecting past operations were gravely prejudicial in the application phase of this case * * *" and remanded the application case to the Commission:

> "* * * * for a determination, upon this record or in such other proceedings which it may, in its discretion, elect to order or conduct, of whether Bowman Transportation, Inc. has established that the present or future public convenience and necessity require the operation proposed in its application, unprejudiced by findings and conclusions that its past transportation operations were illegal and not performed in good faith."

Upon remand, the Commission reopened the case for further consideration on the record in the light of the holding of the Court. After a careful reappraisal of the record, the Commission concluded that public convenience and necessity were shown to require the operation as proposed by Bowman in the application proceedings. The present judicial review action was brought to set aside the conclusion thus reached by the Commission.

In the application proceedings, which were begun shortly after the complaint proceedings, the Commission expressly excluded consideration of Bowman's operations, extending over a period of more than two decades, on the ground that such operations were tainted by bad faith. Upon reconsideration, following remand by the three-judge Alabama District Court, the Commission properly gave due weight to Bowman's past operations, although such operations in and of themselves were not considered as conclusive proof of a need for removal of the limiting clause.

Bowman's application is not a run-of-the-mill request for authority to begin an entirely new service. On the other hand, it is a request for authority supported by a significant number of shippers, to continue a long existing and highly satisfactory service which has attracted a substantial volume of traffic. Furthermore, there is no support in the record for the contention that a continuation of the service would create a new or aggravated competitive situation to the detriment of other carriers, or that the grant of authority presently under review would have an "incalculable, devastating and destructive effect" upon plaintiffs. The Commission expressly found to the contrary, that since the complaint proceedings were begun in 1955 "* * * their financial statements * * * generally reflect increased system revenues".

Using a vernacular phrase, plaintiffs urge that the Commission "flip-flopped", from which they apparently draw the conclusion that the Commission was right the first time and wrong the second

time. The Court can logically indulge no such presumption. If the Commission was right in the present proceedings, judged by the applicable standards of law, it is unimportant that a different result was reached at an earlier time. The question is whether the Commission's conclusion reflects a permissible judgment in conformity with the statutory standards contained in Section 207 (a) of the Act. A further flaw in plaintiffs' argument is that the record which was considered by the Commission in the present proceedings, as has been noted, was not identical with the record in the earlier proceedings but gave due weight to the past operations of Bowman.

During the period of operations by J. M. Brown and his successor Bowman, which extends back to the middle of the 1930's, vast changes have taken place in motor vehicle transportation. Present day motor vehicles in general use are capable of carrying two to three times the pay load which was carried by motor vehicles thirty years ago. The limitation "in truckload lots" is accordingly far more burdensome now than it used to be. It is, moreover, significant to note that the Commission has not in many years issued any new operating authority containing shipment size limitations, and has freely removed them from existing authorities on policy grounds.

■ The applicable principles of law are well settled and are not disputed by the parties. The standard "public convenience and necessity" is not defined in the Act, but was left by Congress to the Commission to be determined, in the exercise of sound discretion, upon consideration of the infinite variety of circumstances which may occur in specific instances. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051. The lodestar for guidance of the Commission in the exercise of its discretionary powers is the National Transportation Policy. 49 U.S.C. § 1. Schaffer Transportation Co. v. United States, 355 U.S. 83, 87, 78 S.Ct. 173, 2 L.Ed.2d 117. Cf. Hudson Transit Lines, Inc. v. United States, D.C., 82 F.

Supp. 153, 157, aff. 338 U.S. 802, 70 S.Ct. 59, 94 L.Ed. 485.

■ Whoever attacks an order of the Commission has the burden of clearly and convincingly establishing that errors of fact or law have been committed and result in an order which is unreasonable or unjust. Cf. Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 512, 64 S.Ct. 1129, 88 L.Ed. 1420. Plaintiffs have failed to carry this burden.

■ The Court is of the opinion that the Commission's ultimate conclusion that public convenience and necessity have been shown to require a continuation of Bowman's operations under its Five-Point Authority without an "in truckload lots" restriction is rational, based upon adequate findings, supported by substantial evidence and in harmony with the National Transportation Policy.

The orders of the Interstate Commerce Commission presently under review are hereby affirmed, and the complaint is hereby dismissed.